### 20TH CENTURY MOTOR CAR & SUPPLY CO. v. HOLCOMB CO.

(District Court, D. Connecticut.   October 2, 1913.)

No. 1,361—In Equity.

PATENTS (§ 328*)—INFRINGEMENT—WIND SHIELD FOR AUTOMOBILES.
    The Williams patent No. 1,011,892 for a double sash wind shield for automobiles, limited as it must be to the precise construction shown, *held* not infringed.

In Equity. Suit by the 20th Century Motor Car & Supply Company against the Holcomb Company. On final hearing. Decree for defendant.

Offield, Towle, Graves & Offield, of Chicago, Ill., for complainant.
Newton, Church & Hewitt, of New Haven, Conn., for defendant.

MARTIN, District Judge. The complainant alleges that it is a corporation duly organized having its principal place of business at the city of South Bend, state of Indiana; that one Martin L. Williams, a citizen of said South Bend, was the inventor of a double sash wind shield for use on automobiles; that the said Williams obtained a patent therefor, dated December 12, 1911, No. 1,011,892; that said patent was duly assigned to the complainant; that the defendant, a citizen of the state of Connecticut, knowingly and willfully manufactured and sold a large number of wind guards made in accordance with and containing the improvements and inventions described and claimed in said letters patent. It is unnecessary to state the allegations. The usual prayers are made.

The complainant alleges that its wind shield comprises—

"an upright lower sash, supporting brackets connected with the upper portions of the sash at each side and extending laterally therefrom, an upper sash, links connecting the side of the upper sash with said supporting brackets at points remote from the lower sash, means for locking said upper sash either in alignment with the lower sash, or in titled relation to the lower sash with its lower edge offset and spaced away from the upper edge of said lower sash, and means for supporting the lower end of said upper sash when lowered into position alongside of, and approximately parallel with the lower sash."

The objects of the invention, in the language of the specifications—

"are to provide a construction in which the upper sash may be lowered out of the way when not in use, or may be shifted to an intermediate position to permit of the driver seeing ahead without looking through the upper glass, and at the same time affording him the protection of the latter."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

All the evidence in this cause was taken by the plaintiff. The defendant was notified, but did not attend. It was stated by counsel on hearing that no request would be made for an accounting, as they were unable to prove any sales by the defendant that would make it worth while.

Wind shields for automobiles, constructed of two sashes divided near the center, adjustable for an opening that the driver might view the road between the two sashes, in case of storm, and also an adjustment for dropping the upper sash down by the side of the lower sash, were patented and used before the Williams patent in suit was granted. The Williams patent devised a new way of handling the sash as to the opening between the sashes, holding the upper sash in place and dropping the upper sash down beside the lower sash. This patent may come within the range of invention, yet it is self-evident that there are many different devices for the handling of the upper sash of a wind shield resulting from mechanical genius; the Williams patent showing the result of the work of one mechanic and the defendant's that of another. The Williams patent has a set of rods on each end of the shield, which are called "links"; it has a spring clasp to hold them, and a horizontal bracket, described in the letters patent as "a bracket extending laterally," and it has a device for dropping the top sash. The defendant in constructing his wind shield used rods and brackets, and the top sash may be dropped, but they are constructed differently, and upon different principles from those of the plaintiff.

Had the patent in suit been a pioneer as to an adjustable opening between the two sashes, or the dropping of the top sash, the defendant's device might have infringed, but the plaintiff is limited in this case to a particular way of doing it that differs from inventions preceding his. His patent comes as near imitating or infringing the prior art as the defendant's device does to infringing or imitating the plaintiff's device.

Again, in my opinion, the complainant's invention is not a useful one. The width of the opening between the sashes cannot exceed three inches in the clear, and such a narrow opening is not practical, while the defendant's device provides for a much wider space, better adjustment for service, and is more useful. My conclusion is that the complainant is not entitled to a decree.

Let judgment be entered for the defendant.